O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 06-6383 DOC                                    Date: August 24, 2012

Title: MARIANO MARTINEZ. v. UNITED STATES

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                        None Present

**PROCEEDINGS: (IN CHAMBERS): GRANTING IN PART MOTION TO RECONSIDER**

Before the Court is a Motion for Reconsideration of Order re Enlargement of Time filed by counsel for Petitioner Mariano Martinez ("Petitioner") (Dkts. 37, 40). The Court GRANTS IN PART and DENIES IN PART the Motion.

**I.**      **Background**:

On October 3, 2005—almost seven years ago—Petitioner's conviction became final because the U.S. Supreme Court denied Petitioner's appeal. On October 6, 2006, Petitioner then filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1). On September 13, 2007, the Court appointed Petitioner's counsel, Lisa M. Bassis, because such appointment was: (1) represented to the Court as facilitating "a more expeditious review of the relevant materials"; (2) stipulated to by all parties, including Defendant United States; and (3) recommended by the Public Defender's office. *See* September 13, 2007 Order.

Those representations and recommendations have not been fulfilled by appointment of Petitioner's counsel. Rather, this Court has been forced to issue three orders to show cause why this case should not dismissed for lack of prosecution, as well as orders requiring Petitioner's counsel to set due dates for her work product. Specifically:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 06-6383 DOC                          Date: August 24, 2012
                                                                                                 Page 2

- On June 5, 2009, the Court issued an Order to Show Cause re Dismissal for Lack of Prosecution (Dkt. 18).
- On February 9, 2010, the Court issued an Order to Show Cause re Dismissal for Lack of Prosecution (Dkt. 21).
- On June 20, 2011, the Court ordered Petitioner's counsel to respond to the government's discovery requests within 90 days or show good cause for the continued delay. *See* June 20, 2011, Order (Docket 29) at 2.
    - Petitioner's counsel did not timely comply with this order.
- On December 12, 2011, the Court ordered Petition's counsel to file an update indicating the extent to which she had complied with the June 20, 2011, Order and a proposed timeline for prosecuting this case, explaining that the Court "does not wish to file a fourth Order to Show Cause." December 12, 2011, Minute Order (Dkt. 30).
    - The Court warned Petitioner's counsel that "The Court strongly cautions [Petitioner's] counsel to make the timeline realistic, **as the repeated delays in this case suggest that the Court may need to resort to sanctions** as a means of ensuring this case is prosecuted."
    - Petitioner's counsel *did* comply with this order.
- Based on the timeline presented *by Petitioner's counsel* in response to the December 12, 2011, Order, the Court set a briefing schedule. Specifically, the Court ordered: "Amended Complaint to be filed no later than July 30, 2012; Motion re: Aedpa to be filed no later than August 27, 2012." December 21, 2011, Minute Order (Dkt. 32).
- On July 11, 2012, Petitioner's counsel filed a Motion for Enlargement of Time (Dkt. 35). This Court denied that Motion. July 16, 2012, Minute Order (Dkt. 36).
    - The Motion sought to extend the July 30, 2012, deadline to file an amended version of the motion Petitioner filed pro se almost six years ago on October 2006.
- On July 20 and 23, 2012, Petitioner's counsel filed the present Motion for Reconsideration of Order Denying Enlargement of Time (Dkts. 37, 40).

**II. Disposition**

     Petitioner's Motion seeks to extend Petitioner's deadline to file an Amended Complaint from July 30, 2012, to March 1, 2013, and to extend the other deadlines accordingly. Petitioner offers no meritorious reason for such an extension.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 06-6383 DOC  Date: August 24, 2012
Page 3

---

First, Petitioner's counsel has not shown that the facts on which she relies in the present motion are materially different from those that she previously presented to this Court or that new facts have emerged since the Court's order, as is required by the local rules in order to bring a motion for reconsideration. L-R 7-18.

Second, Petitioner's argument that failure to grant the Motion and provide another seven-month delay would somehow deprive Petitioner of the effective assistance of counsel in this proceeding is utterly specious. The appointment of counsel in Section 2255 cases is an almost unheard-of privilege because, unlike a defendant whose guilt is not yet determined, a convicted felon who has exhausted his appeals process does not have a constitutional right to attack that conviction with a court-appointed lawyer. *See United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990) (recognizing that prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their conviction and therefore have no proper basis to raise ineffective assistance of counsel claims with respect to the performance of counsel handling their post-conviction matters filed pursuant to 28 U.S.C. § 2255).

Finally, Petitioner's failure to abide by the July 30, 2012, deadline—a date almost six years after Petitioner's conviction became final—is due entirely to the lack of diligence of Petitioner's counsel. Petitioner's counsel admitted at oral argument that there were long periods of time, even periods as long as a year, where she did not work on this case. Curiously, despite not having worked on this case for long periods of time, Petitioner's counsel has continued to diligently bill.

At oral argument, the Court warned Petitioner's counsel that it is contemplating issuing an Order to Show Cause why she should not disgorge all or part of the fees she has received to litigate this case for over five years, a case from which she now seeks to be relieved as counsel without having *once* adhered to deadlines for work product set by this Court.[1] Indeed, the very relief this Motion seeks—an extension of seven months to file an Amended Complaint—appears designed to bill hours rather than to obtain relief

---

[1] Furthermore, at oral argument, the Government noted that Petitioner's counsel has yet to respond to its discovery request that has now been pending for five year. The Court ordered Petitioner's counsel to respond immediately. Petitioner's counsel represented that there were no documents responsive to the Government's request.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 06-6383 DOC				Date: August 24, 2012
						Page 4

---

for Petitioner because Petitioner is time-barred from making any new claims to attack his conviction.  *See* 28 U.S.C. § 2255 (requiring petitioners seeking relief under this section to file their petition within one year of their conviction becoming final, absent certain circumstances that do not appear to exist in this case); *Calderon v. United States District Court*, 127 F.3d 782, 785 (9th Cir. 1997) (explaining that Congress' intent in creating a limitations period for habeas corpus petitions and their federal equivalent was to "halt the unacceptable delay which has developed in the federal habeas process").

Nonetheless, out of an abundance of caution, the Court GRANTED IN PART Petitioner's Motion at the oral argument.  The Court amended its December 21, 2011, Minute Order (Dkt. 32) to GRANT Petitioner's counsel an extension of the deadline to file an Amended Complaint from July 30, 2012, to September 10, 2012.  Government shall file its Motion to Dismiss Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") on or before October 8, 2012.  Petitioner shall file an Opposition on or before October 23, 2012.  Government shall file a Reply on or before October 30, 2012.

The Court DENIES the Motion to the extent Petitioner's counsel seeks to be relieved as counsel.

The Court also ORDERS Petitioner's counsel to lodge with the Court a copy of her response to Judge Dale Fischer' request for verification of billings in this case.  The Court ORDERS that any payments to Petitioner's counsel for billing in this case be held in abeyance until further notice by this Court.

The Clerk shall serve this minute order on all parties to the action.

MINUTES FORM 11
CIVIL-GEN							Initials of Deputy Clerk : jcb